IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. L. WHARTON ENTERPRISES, LTD., )
       Plaintiff, )
        )
       vs )  Civil Action No. 10-1267
        )
JOSEPH L. DUNN D/B/A JOSEPH L. )
DUNN OIL AND GAS, )
       Defendant. )

MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

Presently before the Court is a motion to dismiss the complaint submitted by the defendant. For reasons discussed below, the defendant's motion to dismiss (Document No. 4) will be denied.

On September 24, 2010, plaintiff R. L. Wharton Enterprises, Ltd. ("Wharton") filed a complaint for breach of contract and unjust enrichment against the defendant, Joseph L. Dunn, d/b/a Joseph L. Dunn Oil and Gas ("Dunn"). According to the complaint, Wharton is an oil drilling company incorporated in West Virginia, with a principal place of business in Buckhannon, West Virginia, and Dunn is an adult individual residing in Washington, Pennsylvania. Since the amount in controversy is said to exceed $75,000, the Court's diversity jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332.

In the complaint, Wharton contends as follows: in early June 2008, Dunn contacted it to open an existing well known as S.H. Smith #223 (the "#223 well"). Wharton's Vice President, Lisa Wharton Turner, informed Dunn that the #223 well had been closed for many years and had

not been producing oil, such that there was a risk it could not be opened. Nonetheless, Dunn directed it to proceed in reopening the #223 well. The parties then entered into an oral contract for Wharton to perform work at the well at the express direction of Dunn, with Dunn to pay it on a monthly basis pursuant to its hourly rates.

Wharton alleges that on or about June 9, 2008, it began work on opening the #223 well, and in June, July and August 2008, it furnished invoices to Dunn for services rendered, all of which Dunn paid; that during the months of September and October 2008, Dunn began to dispute many invoices it provided and refused to pay them; and that as a result, on or about November 10, 2008, Wharton removed its rig and drilling equipment, as it believed Dunn had breached the parties' contract.

In its complaint, Wharton asserts causes of action for breach of contract (Count I) and unjust enrichment (Count II). As to its breach of contract claim, Wharton insists it performed all of its obligations under the contract, but Dunn materially breached it by failing to pay it amounts due and owing thereunder. Wharton avers that the total amount due and owing on its unpaid invoices as of July 1, 2010, including standard finance charges, is $113,396.76. With respect to its unjust enrichment claim, Wharton contends that having rendered valuable well drilling services to Dunn at his request, Dunn would be unjustly enriched if he was allowed to evade paying it the amounts owed.

In response to the complaint, Dunn moved to dismiss it on two grounds. First, Dunn argues that Wharton's complaint should be dismissed pursuant to Fed.R.Civ.P. 13(a), as its claims should have been asserted as compulsory counterclaims in Dunn's pending breach of contract suit against Wharton in the Court of Common Pleas of Greene County, PA (the "state court suit"). As to his state court suit, Dunn asserts that on March 2, 2009, he filed a breach of

contract action against Wharton concerning the same contract at issue in this case, and the matter has proceeded through discovery and the filing of a motion for partial summary judgment. Dunn insists that the state court suit and this case are parallel actions, as they involve the same parties and the same contract and concern substantially similar claims. Thus, as a second ground for dismissal, Dunn urges this Court to abstain from proceeding with this matter under the doctrine set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

As for Dunn's first argument, Fed.R.Civ.P. 13(a), which governs compulsory counterclaims, provides in pertinent part:

>  (1) **In General.** A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>
>  (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim;…

F.R.Civ.P. 13(a)(1)(A).

Whether Whartons' claims are compulsory counterclaims that should have been raised in the state court suit is a question of state law. See, TriState HVAC Equipment LLP v. Big Belly Solar, Inc., 2010 WL 4139285, *9 (E.D.Pa., Oct. 20, 2010), citing Conopco, Inc. v. Roll Int'l., 231 F.3d 82, 87-88 (2d Cir. 2000); Fox v. Maulding, 112 F.3d 453, 456-57 (10th Cir. 1997); Montgomery Ward Dev. Corp. v. Juster, 932 F.2d 1378, 1380-82 (11th Cir. 1991); Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987); Brannan v. Eisenstein, 804 F.2d 1041, 1044 (8th Cir. 1986). Under Pennsylvania law, "a defendant is not required to file a counterclaim; rather, the rule is permissive." Williams v. Philadelphia Housing Authority, 1996 WL 144430, *3 (E.D.Pa., Mar. 29, 1996), quoting Hunsicker v. Brearman, 586 A.2d 1387, 1389

3

(Pa.Super. 1991), appeal denied, 602 A.2d 860 (Pa. 1992), reconsideration denied, 614 A.2d 1142 (Pa. 1992). Accord, Schaeffer v. Lampley, 2008 WL 4899458, *4, n.4 (E.D.Pa., Nov. 13, 2008) ("Pennsylvania civil procedure makes counterclaims only permissive"). Indeed, Pa.R.Civ.P. 1031(a) provides: "The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action which the defendant has against the plaintiff at the time of filing the answer."

As explained in Williams, supra, "[t]he effect of this rule is that '[t]he defendant who has a cause of action which arises from the same transaction or occurrence as that from which the plaintiff's cause of action arose may, at his option, either plead his demand against the plaintiff by counterclaim or institute a separate action. 1996 WL 144430 at *3, quoting Martin v. Poole, 336 A.2d 363, 366 (Pa.Super. 1975). "A defendant who chooses to preserve his claims and file them in a separate action rather than plead them as permissive counterclaims in the prior proceeding is not barred from filing that subsequent action." Williams, 1996 WL 144430 at *4. Thus, to the extent Wharton elected not to plead permissive counterclaims in the state court suit, its claims in this Court are not barred.

With respect to Dunn's Colorado River abstention argument, he asserts that due to the duplicity of the state and federal suits, wise judicial administration dictates that this Court abstain from proceeding with this action. Under the Colorado River doctrine, a federal court may "abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." Nationwide Mut. Fire Ins. v. George V. Hamilton, 571 F.3d 299, 307 (3d Cir. 2009). However, in Colorado River, the Supreme Court stated that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." 424 U.S. at 813. A federal district court may abstain from deciding a case "only in the exceptional

4

circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. (quotation omitted).

In Colorado River, the Court summarized, based on its prior decisions, three situations in which federal abstention may be proper: (1) "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law", Id. at 814; (2) cases "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar", Id.; and (3) cases "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings", Id. at 816. Significantly, in Colorado River, the Court recognized a fourth situation where federal abstention may be proper, namely: in cases that "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation", Id. at 817.

However, it is clear that Colorado River abstention "is to be narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Nationwide Mut. Fire Ins., supra, 571 F.3d at 307, quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Indeed, "as between state and federal courts, the rule is that 'the pendency of an action in state court is no bar to proceedings concerning the same matter in Federal court having jurisdiction…'". Colorado River, 424 U.S. at 817, quoting McClellan v. Carland, 217 U.S. 268, 282 (1910).

In deciding a Colorado River abstention case, we must first decide whether there is a parallel state proceeding. Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005). "Parallel cases involve the same parties and substantially identical claims, raising nearly identical allegations

5

and issues." Id. Here, it appears that Dunn's state court suit and Wharton's federal action are parallel, as they involve the same parties and substantially identical claims, i.e., whether the other party to the oral contract breached its terms. Having found that the cases are parallel, we now consider whether "extraordinary circumstances" are present to merit abstention. Nationwide Mut. Fire Ins., supra, 571 F.3d at 307-08.

To determine if this case warrants abstention for reasons of wise judicial administration, we consider the following factors:

(1) Which court first assumed jurisdiction over the property, if it is an *in rem* case;

(2) Whether the federal forum is inconvenient;

(3) The desirability of avoiding piecemeal litigation;

(4) The order in which the respective courts obtained jurisdiction;

(5) Whether federal or state law controls; and

(6) Whether the state court proceeding will adequately protect the parties' rights.

Id. at 308, citing Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19.

In assessing the above-listed factors, the first one is not applicable here, as this case is not an *in rem* action. Likewise, the second factor listed above is not controlling, as the federal forum is convenient for both parties. That is, while Wharton is located in Buckhannon, West Virginia, it avers it is equally convenient for it to travel to Pittsburgh and Greene County, PA. Dunn would prefer the convenience of the state court forum in Greene County, but the federal forum in Pittsburgh is not inconvenient for him.

The third factor, the desirability of avoiding piecemeal litigation, does not weigh in favor of abstention despite the concurrent parallel actions. The Third Circuit Court of Appeals has stated that this factor "is an inquiry into whether avoiding piecemeal litigation is a priority contemplated by the statute, regulation or other authority at issue." Nationwide Mut. Fire Ins., 571 F.3d at 308. In Spring City, supra, our Court of Appeals counseled that "even though it is important to prevent 'piecemeal litigation', a stay is appropriate only when there is a 'strong federal policy against [such] litigation." 193 F.3d at 172. Likewise, in Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997), the Court stated that for this factor to apply, "there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review (emphasis in original)… The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." Thus, in this state law breach of contract/unjust enrichment suit, concern for avoiding piecemeal litigation is not present. Rather, "'[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.'" Spring City, 193 F.3d at 172, quoting University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991).

The fourth factor at issue favors abstention, as the state court suit was filed prior to this action and has advanced past discovery to the filing of a motion for partial summary judgment. In contrast, an answer has not been filed in this case, as we entertain Dunn's motion to dismiss.

The fifth factor listed above, whether federal or state law controls, does not support abstention here. In Ryan, supra, the Court stated that "abstention cannot be justified merely

7

because a case arises entirely under state law." 115 F.3d at 199, citing <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 26 (1983). The <u>Ryan</u> Court opined: "[a]lthough it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in the state courts might be more appropriate, traditional negligence law [or here, a breach of contract/unjust enrichment claim] does not fit that description." 115 F.3d at 200.

Likewise, the sixth factor is not determinative in our analysis. In <u>Ryan</u>, the Court stated: "the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction. Instead, this factor is normally relevant when the state forum is *in*adequate (emphasis in original)… When the state court is adequate [as presumed here], the factor carries little weight." <u>Id.</u>

Based on the foregoing, this case does not present "exceptional circumstances" to warrant abstention under <u>Colorado River</u>. Therefore, the defendant's motion to dismiss the complaint will be denied.

An appropriate Order will be entered.

# O R D E R

AND NOW, this 18th day of January 2011, for the reasons set forth in the Court's Memorandum Opinion filed this date,

IT IS ORDERED that the defendant's motion to dismiss the complaint (Document No. 4) is denied.

s/ ROBERT C. MITCHELL
United States Magistrate Judge